UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 10-4369 |
| MDI CONSTRUCTION, LLC, KION C. DARKSHANI, and MARY D'ANGELO DARKSHANI | SECTION "N" (5) |

### ORDER AND REASONS

Before the Court is the "**Motion to Dismiss for Lack of Subject Matter Jurisdiction**" (Rec. Doc. 141), filed by Third-Party Defendants The Audubon Commission and the Audubon Nature Institute, Inc. This motion is opposed by Defendant, MDI Construction, L.L.C. ("Defendant"). After considering the memoranda filed by the parties, the Court rules as set forth herein.

### I. BACKGROUND

On November 19, 2010, Hartford Casualty Insurance Company ("Plaintiff") filed suit against Defendants, MDI Construction, Kion C. Darkshani, and Mary D'Angelo Darkshani, seeking indemnification of all losses, costs, fees and expenses, including attorneys' fees, that it incurred in connection to several contracts previously agreed upon by both parties. The basis for jurisdiction over Hartford's claims is 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount

1

in controversy exceeds $75,000. MDI asserted third party claims against The Audubon Commission and Audubon Nature Institute. Because the Audubon defendants were non-diverse, the Court extended ancillary jurisdiction pursuant to 28 U.S.C. § 1367(a). On June 14, 2012, the Court entered a Consent Judgment, in which MDI, Kion C. Darkshani, and Mary D'Angelo Darkshani agreed that judgment be entered in favor of Plaintiff in the amount of $89,500.00 plus attorney's fees. The Audubon Commission and Audubon Nature Institute submit the instant Motion to Dismiss, seeking Court dismissal of MDI's claims for lack of subject matter jurisdiction.

## II. ARGUMENTS OF THE PARTIES

The Audubon Defendants ("Third-Party Defendants") assert that MDI's ("Defendant") claims against them in the current suit must be dismissed without prejudice to re-filing in state court. The basis of Jurisdiction in federal court rested on the diversity of the original parties to the suit, and the only claim that remains is Defendant's ancillary state law claim against the Third-Party Defendants. The Third-Party Defendants pray, therefore, that the Court dismiss the suit for lack of subject matter jurisdiction.

The Defendant opposes the motion to dismiss, asserting that Plaintiff's claims against it have not been resolved. Defendant claims the consent judgment only recognizes a certain portion of funds owed to Plaintiff, and asserts that this conceded amount does not reflect the entire amount to which Plaintiff is entitled. If the Court were, however, to find the consent judgment settled the claims between Plaintiff and Defendant, thus dismissing the original lawsuit, the Defendant then prays the Court exercise its discretion to retain the remaining claims in federal court. The Defendant asserts that dismissal of the claims against the third-party defendants would be prejudicial and inappropriate for this case.

**III. LAW AND ANALYSIS**

The decision to exercise supplemental jurisdiction over the state law claim is within the discretion of this Court. *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989). Generally, Louisiana law provides that the Court will dismiss lingering ancillary state law claims if the primary federal claim has been settled or dismissed pretrial. *See Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1041 (5th Cir. 1982). If, however, dismissal would unduly prejudice the parties, the federal court may retain and adjudicate the remaining ancillary state law claims. *Id* at 1043. In deciding whether dismissal is prejudicial, this Court weighs the policy considerations of judicial economy, convenience and fairness. *Global ADR, Inc. v. City of Hammond*, No.Civ.A. 03-0457, 2004 WL 1752217, at *3 (E.D. La. July 29, 2004). A critical determination for the Court is the amount of judicial resources the case has consumed and the familiarity of the forum with the case. *Parker & Parsley Petroleum v. Dresser Industries,* 972 F.2d 580 (5th Cir. 1992).

The Court finds the consideration of relevant factors of judicial economy, convenience, and fairness to weigh in favor of maintaining jurisdiction over the ancillary state claims against the third-party defendants. The instant case has been pending in federal court for well over a year and trial was originally set for August 13, 2012.[1] Furthermore, this Court has considered numerous motions filed by each party and is, therefore, knowledgeable of the facts and circumstances of the case. Significant discovery has taken place and both parties have expended considerable time and resources in resolving the case. If the suit were to be dismissed, both parties would have to wait a

---

[1] Due to scheduling conflicts, the trial was rescheduled for November 5, 2012.

significant period of time for judgment to be rendered in state court. The Court, therefore, concludes that the relevant factors of judicial economy, convenience and fairness favor the Court maintaining jurisdiction over these ancillary state law claims.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Third-Party Defendant's Motion to Dismiss is **DENIED.**

New Orleans, Louisiana, this 23rd day of July, 2012.

                                            **KURT D. ENGELHARDT**
                                            **United States District Judge**