UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO.  10-4369 |
| MDI CONSTRUCTION, L.L.C., ET AL | SECTION "N"  (5) |

## ORDER AND REASONS

Before the Court is a "Motion to Strike" (Rec. Doc. 161), filed by The Audubon Commission and The Audubon Nature Institute, Inc. (collectively, "Audubon), in which Audubon seeks to strike a document (Rec. Doc. 158-2), whereby MDI Construction, LLC ("MDI") attempts to oppose Audubon's motion for summary judgment with late responses to requests for admission.  MDI has filed a memorandum in opposition (Rec. Doc. 164).

## I. BACKGROUND:

This matter arises out of a construction contract between MDI (as contractor) and Audubon (as owner) for the construction of the Audubon Park Batture Ball Fields Project.  All that remains before the Court is MDI's claim for damages allegedly incurred as a result of various delays in the project.

On June 8, 2012, Audubon served on MDI certain requests for admissions pursuant to Federal Rule of Civil Procedure 36.  *See* Rec. Docs. 161-2 and 161-3.  The requests asked MDI to admit that it did not submit a written Claim within twenty-one (21) days, as required by the

contract between the parties, with regard to any of the alleged delays for which MDI seeks delay damages.  *See* Request Nos. 1 through 8 (Rec. Doc. 161-2 at pp.6-8).  Audubon also asked MDI to admit that a letter dated March 25, 2010 constituted the first written Claim for delay that MDI made under the contract and that MDI authorized Audubon to declare default against MDI under the contract.  *See* Request Nos. 9 and 10  (Rec. Doc. 161-2 at p.8).

Four days after the requests were served, on June 12, 2012, counsel for MDI sent an email to counsel for Audubon, stating that "I may run over the 30 day deadline, and *if so I will file a motion requesting additional time.*"  *See* Rec. Doc. 161-3 (emphasis added).  Counsel for Audubon responded, stating: "I am certainly willing to be reasonable in allowing some extra time for a response if it is needed.  *If it becomes apparent that extra time is necessary* as the deadline approaches*, please advise.*"  *Id.* (emphasis added).  Based upon the record, it appears that no request for additional time was ever made.

More than ninety (90) days passed without any response from MDI.  Then, on September 11, 2012, MDI attached responses to the requests for admissions as an exhibit to its memorandum in opposition to Audubon's motion for summary judgment.  *See* Rec. Doc. 158-2.  In response to requests numbers 1 through 8, MDI responded that it did not send a separate written notice of Claim with respect to any of the alleged delays because Audubon already had written and actual notice of each of the delays and the underlying problems giving rise to the delays.  *Id.* at pp.1-12.   MDI denied that the March 2010 letter constituted the first written Claim by MDI, asserting that this letter was merely "an additional notification" to Audubon that MDI would now begin to quantify its claims.  *Id.* at 13.  MDI also denied that it had defaulted under the contract.  *Id.*

Audubon seeks to strike this document (Rec. Doc. 158-2) from the record on grounds that the requests for admission were long ago deemed admitted and that MDI has failed to present any grounds justifying withdrawal or amendment of the admissions.

## II. LAW AND ANALYSIS:

Rule 36(a)(1) provides that: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Here, it is undisputed that MDI failed to serve any response or objection to the requests for admissions within thirty (30) days. Indeed, it made no response whatsoever prior to attaching the belated responses to its opposition memorandum more than ninety (90) days after the requests were served. Thus, pursuant to Rule 36(a)(3), the matters contained in the requests were deemed admitted on July 9, 2012.

Rule 36(b) provides that "[a] matter admitted under this rule is *conclusively established* unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). If such a motion is made, the court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Here, MDI filed no such motion. Nor has it presented any basis for allowing

MDI to withdraw or amend its admissions at this juncture.  MDI's only real argument in opposition to Audubon's motion is that the Court should not strike the entire document (158-2) because it also contains responses to interrogatories and requests for production of documents, which have not been the subject of a motion to compel.  *See* Rec. Doc. 164.  The Court agrees.  Accordingly,

    **IT IS ORDERED** that:

    (1) The "Motion to Strike" (Rec. Doc. 161), filed by Audubon, is hereby **GRANTED**.

    (2) The "Response of MDI Construction to Request for Admissions and Interrogatories of Audubon Commission, and Response to Request for Production of Documents" (Rec. Doc. 158-2) is hereby **STRICKEN IN PART**, in that it is stricken to the extent that it purports to respond to Audubon's requests for admission or to withdraw or in any way amend its admissions.  To the extent that it constitutes a response to interrogatories or requests for production of documents, it is not stricken.

    (3) The Requests for Admission numbers 1 through 10, propounded by Audubon, are deemed admitted as written, and the matters thereby admitted are conclusively established.

New Orleans, Louisiana, this 11th day of October 2012.

                                             KURT D. ENGELHARDT
                                             UNITED STATES DISTRICT JUDGE