UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 10-4369 |
| MDI CONSTRUCTION, L.L.C., ET AL | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is a **"Motion for Summary Judgment" (Rec. Doc. 150)**, filed by The Audubon Commission and The Audubon Nature Institute, Inc. (collectively, "Audubon), seeking to dismiss the claims brought by MDI Construction, LLC ("MDI"). MDI has filed a memorandum in opposition (Rec. Doc. 158), which was adopted by Hartford Casualty Insurance Company (Rec. Doc. 159). After Audubon filed a reply memorandum (Rec. Doc. 169), MDI filed a Supplemental Opposition (Rec. Doc. 174), in response to which Audubon filed a Supplemental Memorandum (Rec. Doc. 179), as directed by the Court. MDI then filed another memorandum in opposition (Rec. Doc. 180), to which Audubon filed a reply (Rec. Doc. 185). The Court has considered all of these memoranda, the exhibits and attachments thereto, as well as the applicable law. The Court has not considered the Supplemental Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 176), filed by Audubon, which presents an additional basis for dismissing MDI's claims that was not raised in the original motion papers.

**I. BACKGROUND:**

This matter arises out of a construction contract between MDI (as contractor) and Audubon (as owner) for the construction of the Audubon Park Batture Ball Fields Project (the "Project"). The litigation began as an action for indemnification, brought by Hartford Casualty Insurance Company (as surety) against MDI (as principal), to recover amounts paid pursuant to bonds executed in connection with the Project. MDI filed third-party claims, including the instant one against Audubon. Audubon then filed an interpleader to determine the party entitled to certain contract funds retained by Audubon. The interpleader has been adjudicated. *See* Order and Reasons, January 31, 2012 (Rec. Doc. 101). Now before the Court is MDI's claim against Audubon for damages allegedly incurred as a result of various delays in the Project.

**II. LAW AND ANALYSIS:**

Rule 56 requires that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Audubon argues that MDI's claim should be dismissed because there is no genuine dispute as to the fact that MDI failed to provide a written notice of claim within twenty-one (21) days, as required by the contract between the parties. The Court agrees.

    **A.**    **The Contract Requires that a Notice of Claim be Made Within 21 Days:**

It is undisputed that the contract between Audubon and MDI (the "Contract") incorporates by reference the "General Conditions for the Contract for Construction" found in the American Institute of Architects (AIA) Document A201™ – 1997 ("Form A201"). *See* Contract § 8.1.2 (Rec. Doc. 150-2 at p. 6 of 14). It is further undisputed that section 4 of Form

A201 sets forth the procedure by which the parties to the Contract were to bring claims, including limiting the time for bringing such claims to twenty-one (21) days:

> Claims by either party must be initiated within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be initiated by written notice to the Architect and the other party.

Form A201 § 4.3.2 (Rec. Doc. 150-3 at p.19 of 41).

> A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be initiated by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

*Id.* § 4.3.1.

> Claims…shall be referred initially to the Architect for decision. An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Architect with no decision having been rendered by the Architect. The Architect will not decide disputes between the Contractor and persons or entities other than the Owner.

*Id.* § 4.4.1.

Contracts have the effect of law for the parties. La. Civ. Code art. 1983 (West 2008). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046 (West 2008).

In this case, no party contends that the Contract is ambiguous. Nor is there dispute as to its meaning. The law of the contract is clear: Any claim relating to the Contract must be initiated by written notice to the project architect and the other party within twenty-one days

after occurrence of the event giving rise to the claim (or within twenty-one days after the claimant first recognizes the condition giving rise to the claim).

### B. MDI's Failure to Give Timely Notice of Claim Has Been Admitted and Conclusively Established Pursuant to Rule 36:

Because MDI failed to timely respond to requests for admission propounded by Audubon, it is now conclusively established that MDI did not submit a written notice of claim, as required by the Contract, within twenty-one days after the occurrence of any of the events giving rise to MDI's claims for damages or within twenty-one days after MDI first recognized the conditions giving rise to the claims. *See* Requests for Admission Nos. 1 through 8 (Rec. Doc. 150-7 at pp.6-8); *see also* Order & Reasons dated Oct. 11, 2012 (Rec. Doc. 182) (finding the matters contained in the requests to be deemed admitted as written and conclusively established); Fed. R. Civ. P. 36(b) ("A matter admitted under this Rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended").

It has further been admitted and conclusively established that MDI's March 25, 2010 letter to the Project architect (Rec. Doc. 150-6) is the first written claim for delay on the Project that MDI made pursuant to section 4.3 of the Contract. *See* Request for Admission No. 9 (Rec. Doc. 150-7 at p.8); *see also* Rec. Doc. 182. Given that all of the alleged events giving rise to MDI's damages claim occurred in 2008 or 2009 (*see* Rec. Doc. 150-9), this notice of claim is far outside the twenty-one days prescribed by the Contract.

Therefore, it is established as a matter of law that MDI failed to comply with the Contract's requirements for bringing the damages claim that it now seeks to litigate against Audubon.

C. **Even If MDI's Failure to Give Timely Notice of Claim Had Not Been Admitted, MDI Has Failed to Demonstrate a Genuine Dispute as to the Fact That Its Notice of Claim Was Untimely:**

Moreover, even if MDI's failure to give timely notice had not been admitted and conclusively established, MDI has failed to point to any evidence that would create a genuine dispute as the untimeliness of MDI's notice of claim. MDI points to numerous documents tending to show that Audubon had actual knowledge of the various delay events underlying MDI's damages claim. However, actual knowledge of a delay – even a writing concerning a delay event – does not amount to written notice of a Claim, as required under the Contract. The Contract defines a "Claim" as "a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract." Form A201 § 4.3.1 (Rec. Doc. 150-3 at p.19 of 41). It "also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract." *Id.*

None of the materials cited by MDI can be fairly construed to constitute written notice that MDI was making a Claim against Audubon. In addition to the numerous change orders, meeting minutes, emails, and other documents relating to the events underlying MDI's alleged delay damages (*see, e.g.*, Rec. Docs. 158-3 through 158-14; 180-2), none of which mention a claim for delay damages, MDI points to language appended to certain change orders, which states in pertinent part:

> MDI Construction hereby submits the Proposed Change Order to accomplish the work described below. Applicable time extensions and extended overhead costs that can be determined at this time, if any, are noted. It is to be understood at this time that MDI construction and our Subcontractors **may have no choice but to reserve our rights to claim, at a later date, for the extended overhead**, overtime, acceleration cost, etc., **via an additional request for change and submit it for your approval.**

*See* Rec. Doc. 174-1 (emphasis added). MDI argues that, with this boilerplate language, "MDI clearly notified the owner and architect that time extensions and extended cost and overhead were going to be claimed, but that it was not possible to calculate those costs, so MDI made an express reservation of its rights to claim such damages." Rec. Doc. 174 at 2. The Court disagrees. Even if the language could be construed as a reservation of rights (which is doubtful given wording of the phrase "may have no choice but to reserve our rights...via an additional request for change"), it does not give notice of a Claim, and therefore does not satisfy the notice of claim requirement prescribed in the Contract. Nor does this language contain anything that could be construed to waive, negate, or otherwise alter the twenty-one-day notice period or any other aspect of the claim procedure specified in the Contract.

Thus, even if MDI's failure to provide timely notice of claim had not been admitted and conclusively established, as it has been, MDI has nevertheless failed to point to any evidence that would create a genuine dispute as to the fact of MDI's untimeliness and failure to follow the claims procedure prescribed in the Contract.

> D. **The Record Contains No Evidence Tending to Show That the Parties Waived the Notice of Claim Requirement or Any Other Aspect of the Prescribed Claim Procedure:**

MDI cites several court opinions[1] as support for its argument that a court may disregard a written notice requirement in the construction contract where the delay is known to the owner and the remedial work is necessary to complete the project. *See* Rec. Doc. 158 at pp.4-5. MDI

---

[1] *Roff v. Souther Constr. Corp.*, 163 So. 3d 112 (La. Ct. App. 3d Cir. 1964); *Nat Harrison Assocs., Inc. v. Gulf States Util. Co.,* 491 F.2d 578 (5th Cir. 1974); *Supply, Inc. v. Charles Carter & Co., Inc.*, 268 So. 2d 716 (La. Ct. App. 1st Cir. 1972); *Pamper Corp. v. Town of Marksville*, 208 So. 2d 715 (La. Ct. App. 3d Cir.), *writ denied*, 210 So. 2d 509 (La. 1968); *Groner v. Cavender*, 133 So. 825 (La. Ct. App. 2d Cir. 1931); *Huey Lumber & Millwork, Inc. v. Jackson*, 212 So. 2d 538 (La. Ct. App. 1st Cir. 1968).

also cites Louisiana Civil Code articles 2763 and 2764[2] as support for this argument. However, the argument fails for several reasons.

First, the jurisprudence and Code articles cited by MDI concern payment for extra work, not delay damages such as those at issue here. Specifically, they address certain circumstances under which a contractor may recover payment for extra work performed on the basis of oral change orders even though the contract requires that all extras and alterations be authorized in writing. In this case, payment for extra work is not at issue. Although the parties executed multiple change orders during the course of the Project, including orders for extra work,[3] there is no evidence that they deviated from the detailed procedure for change orders prescribed in the Contract. Nor is MDI seeking payment for extra work, whether based on oral change orders, written change orders, or otherwise. Rather, its claim is solely for delay damages, specifically the cost of extended overhead (*i.e.*, the cost of extending its field and home office overhead from the contract completion date of March 2009 to January 2010). *See* Rec. Doc. 180 at 2. Thus, the jurisprudence and Code articles cited by MDI are inapposite and do not support MDI's claim.

Second, and more importantly, the courts in the cases cited by MDI allowed recovery for extra work based on specific findings that the parties, through their consistent actions, had

---

[2] Article 2763 states the general rule that an architect or workman cannot claim an increase in contract price on the basis of extra work unless he can prove that the changes were made "in compliance with the wishes of the owner." La. Civ. Code art. 2763 (West 2005). Article 2764 states an exception to that rule in cases where the change order or extra work is necessary and unforeseen or where it is so great "that it can not be supposed to have been made without the knowledge of the owner." La. Civ. Code art. 2764 (West 2005).

[3] *See, e.g.*, Rec. Docs. 158-3, 158-4, 158-5, 158-6, 158-7, 158-8, 158-9, 180-2.

waived the contract's requirement that all extras and alterations be authorized in writing.[4] *See Groner,* 133 So. 2d at 827-29; *Roff*, 163 So. 2d at 115-118; *Huey Lumber*, 212 So. 2d at 540; *McGowan-Rigsby*, 268 So. 2d at 720; *Nat Harrison Associates*, 491 F.2d at 580.  No such evidence has been presented here.  To the contrary, the record shows that the parties followed the Contract's prescribed procedure for change orders.  *See supra*, footnote 3.  Moreover, with respect to extended overhead and delay damages, the record contains no evidence suggesting that Audubon, through its actions or otherwise, consented to pay such damages or in any way waived any of its rights with respect to such damages, including its right to receive timely written notice of a claim based on any such damages.  Nor has MDI presented any evidence tending to show that Audubon waived any provision of the Contract.  Consequently, the Court can find nothing in the cases or articles cited that, based on the record in this case, would relieve MDI from complying with the claims procedure specified in the Contract.

### E. The Contract's Notice of Claim Procedure Is Not Void or Unenforceable Under the Public Works Act:

Finally, MDI cites the following provision of the Public Works Act:[5]

> **Any provision** contained in a public contract **which purports to *waive, release, or extinguish* the rights of a contractor to recover cost of damages**, or obtain equitable adjustment, **for delays** in performing such contract, if such delay is caused in whole, or in part, by acts or omissions within the control of the contracting public entity or persons acting on behalf

---

[4] The exception is *Pamper Corp*., 208 So. 2d 715, in which the court did not find waiver and denied the contractor's claims for extra work on grounds, *inter alia,* that the contractor had failed to comply with the notice of claim provision in the contract. *Id.* at 718.

[5] The Court recognizes that MDI cited this legislation primarily in response to an argument asserted by Audubon in its Supplemental Memorandum (Rec. Doc. 176 at pp.8-10) (which the Court has not considered in its ruling herein), relating to different provisions of the Contract.  The Court addresses the statute in an abundance of caution, in the event that MDI intended the argument also to extend to the notice of claim provision.

> thereof, is against public policy and **is void or unenforceable**. When a contract contains a provision which is void and unenforceable under this Subsection, that provision shall be severed from the other provisions of the contract and the fact that the provision is void and unenforceable shall not affect the other provisions of the contract.

La. Rev. Stat. § 38:2216(H) (West Supp. 2012) (emphasis added). The Contract's notice of claim requirement does not purport to "waive, release, or extinguish" the rights of MDI to recover delay damages. It merely prescribes the procedure by which a party must initiate such a claim. Indeed, the Contract specifically states elsewhere that recovery for delay damages is *not* precluded. *See* Form A201 § 8.3.3 (Rec. Doc. 150-3 at p.26 of 41). Thus, the Court does not find that the notice provision is void or unenforceable pursuant to section 38:2216(H).

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment" (Rec. Doc. 150)**, filed by Audubon, is hereby **GRANTED**, and MDI's claims for damages against The Audubon Commission and The Audubon Nature Institute, Inc. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all parties shall submit to the Court, not later than noon Friday, October 19, 2012, a joint statement indicating whether any claim remains for trial in this matter or whether entry of final judgment is appropriate.

New Orleans, Louisiana, this 17th day of October 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**